UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

'08 FEB 22 P12:25

UNITED STATES OF AMERICA                                    PLAINTIFF

FILED
US DISTRICT COURT
WESTN. DIST. KENTU...

v.                                        CRIMINAL NO. 5:07CR-22-R

TIMOTHY JAMES BINKLEY                                       DEFENDANT

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by David L. Huber, United States Attorney for the Western District of Kentucky, and defendant, TIMOTHY JAMES BINKLEY, and his attorney, Del Pruitt, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with a violation of Title 21, United States Code, Sections 846 and 841(a)(1)&(b)(1)(A)(viii). Defendant further acknowledges that the Indictment in this case seeks forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, including but not limited to the following: $25,716.16 U.S. currency; and a Keltee 9mm handgun bearing SN 125849 with 9mm ammunition pursuant to Title 21, United States

1

Code, Section 853 and Title 18, United States Code, Section 924(d), by reason of the offense charged in Count 1 of the Indictment.

2.   Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.   Defendant will enter a voluntary plea of guilty to conspiring to possess with intent to distribute more than 500 grams of methamphetamine in this case.  Defendant will plead guilty because he is in fact guilty of the charge.  The parties agree to the following factual basis for this plea:

Defendant Binkley conspired with individuals both named and unnamed in the Indictment to distribute methamphetamine in Western Kentucky.  Specifically, in the Fall of 2003, Defendant Binkley moved to Atlanta, Georgia and found a source of supply for methamphetamine.  Over the course of time, Defendant Binkley then began supplying co-defendant Russell Hunt and others in Western Kentucky, including but not limited to, co-defendants Randy Cowsert, Ollie Peek, Troy Fox, Wade Hopkins, Mike Towery, Mike Loveless and Bob Topp with methamphetamine.  Binkley could purchase a pound of methamphetamine for $10,500 in Atlanta and sell it for $22,000 in Western Kentucky.  Binkley freely admits that during the time frame charged in the conspiracy, he sold at

least ten pounds of methamphetamine to his co-defendants in Western Kentucky.

In May, 2006, Binkley was arrested by Paducah Police Department when he tried to claim a bag containing methamphetamine residue and approximately $22,000 in cash that had been left in a rental car at Enterprise Car Rentals. Paducah Police obtained a search warrant for Binkley's hotel room where they found additional money and drug paraphernalia. Co-defendant Baucum was arrested at that time. A search of Binkley's truck revealed a Keltee 9mm handgun bearing SN 125849 with 9mm ammunition. Binkley later admitted to law enforcement that during the course of this drug conspiracy, co-defendant Baucum had once sold 1/2 pound of methamphetamine for him.

Defendant Binkley freely admits that the $25,716.16 currency and the 9mm handgun listed in the forfeiture count of the Indictment are forfeitable property as they constitute proceeds obtained, directly or indirectly, as a result of his drug trafficking and/or property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such drug trafficking.

4.  Defendant understands that the charge to which he will plead guilty carries a minimum term of imprisonment of ten years, a maximum term of imprisonment of life, a maximum fine of $4,000,000, and supervised release of at least five years and up

to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charge to which he will plead guilty he will be ordered to forfeit any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, including but not limited to the following: $25,716.16 U.S. currency; and a Keltee 9mm handgun bearing SN 125849 with 9mm ammunition.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

> A. If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury.

If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and

the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment count to which he pleads guilty.

8. Defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100.00 to the United States District Court Clerk's Office **by** the date of sentencing.

10. At the time of sentencing, the United States will

> -recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.
>
> -recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]
>
> -recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-consider making a motion pursuant to §5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e), stating the extent to which the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Whether or not to make such motion shall be in the sole discretion of the United States Attorney.

-demand forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, including but not limited to the following: $25,716.16 U.S. currency; and a Keltee 9mm handgun bearing SN 125849 with 9mm ammunition.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

   A. The Applicable Offense Level should be determined as follows:

**Base Offense Level = 36 pursuant to 2D1.1(c)(2) for at least 5 kilograms but less than 15 kilograms of methamphetamine**

**Acceptance of Responsibility = -3 pursuant to 3E1.1(a)&(b)**

   B. The Criminal History of defendant shall be

determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel or otherwise. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of

its right to appeal the sentence under 18 U.S.C. § 3742.

13. Defendant understands and agrees that complete and truthful cooperation is a material condition of this Agreement. Defendant understands that such cooperation shall be provided to any state, local, and federal law enforcement agencies designated by counsel for the United States. Cooperation will include:

    A. providing all information known to defendant regarding any criminal activity, including but not limited to the offenses described in this Agreement;

    B. complying with all reasonable instructions from the United States;

    C. submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; and

    D. testifying fully and truthfully before any grand juries or at any trials or proceedings where defendant's testimony is deemed by the United States to be relevant.

14. The United States agrees that any statements made by defendant during the cooperation phase of this Agreement shall not be used against defendant in any subsequent civil or criminal prosecutions unless and until there is a determination by the Court that defendant has breached this Agreement.

15. In the event the United States believes defendant has

failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of being relieved of its obligations under the plea agreement. Whether or not defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the United States.

16. Defendant and the United States agree that in the event the defendant has breached the Agreement:

    A. Defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

    B. The United States will be free to make any recommendations to the Court regarding sentencing in this case;

    C. Any evidence or statements made by defendant during the cooperation phase will be admissible at any trials or sentencing;

    D. The United States will be free to bring any other charges it has against defendant.

17. This Agreement is entered into by the United States on the basis of the express representation of defendant that he is making a full and complete disclosure of all assets over which he exercises control.

18. Defendant agrees to the forfeiture of any interest he

or his nominees may have in the following assets which he owns or over which he exercises control: any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, including but not limited to the following: $25,716.16 U.S. currency; and a Keltee 9mm handgun bearing SN 125849 with 9mm ammunition.

19. By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 18 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

20. Defendant agrees to a pre-plea investigation by the United States Marshal's Service for the purpose of assessing the value of each and every asset. Defendant agrees to undergo a full debriefing in order to accomplish this end.

21. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further

agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

22. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed and title to all assets has fully vested in the United States. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

23. Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510, should defendant commit any of those offenses during the cooperation phase of this Agreement. Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against defendant in any such prosecution.

24. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the

offenses covered by this Agreement.

25. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

26. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

27. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

28. Defendant agrees that the disposition provided for

13

within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

29. This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with

this plea.

AGREED:

DAVID L. HUBER
United States Attorney

By:

_____        __2/15/08_____
Michele Thielhorn                      Date
Assistant U.S. Attorney


    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.


_____        __2/15/18_____
Timothy James Binkley                  Date
Defendant


    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____        __2/22/08_____
Del Pruitt                             Date
Counsel for Defendant Timothy Binkley

DLH:mlt:071218

15